## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JUHNELL MORGAN, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 1:24-cv-1144-SEM-EIL |
| | ) |
| SGT. EDENS, et al., | ) |
|     Defendants. | ) |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Juhnell Morgan, who is imprisoned within the Illinois Department of Corrections ("IDOC"), has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 that is before the Court for screening. Upon review of the Complaint, the Court holds that Plaintiff may proceed on an Eighth Amendment claim for failure to protect against Defendants at Pontiac Correctional Center ("Pontiac").

### I. SCREENING STANDARD

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. FACTS ALLEGED

Plaintiff's suit identifies the following Defendants at Pontiac: Sergeant Edens, Warden Burle, Counselor Doolin, Correctional Officer Meyers, and Head of Internal Affairs Cox.

On January 28, 2022, Plaintiff was housed in the Protective Custody ("PC") Unit of Pontiac's East Cell House.  Defendants Cox, Doolin, and Burle were personally responsible for approval and placement of Plaintiff in PC.  However, a non-party officer informed Plaintiff that he was being placed back into general population.  The officer had been told that Plaintiff had signed out of PC status. Plaintiff informed the officer that he had not done so and requested to speak with a sergeant or lieutenant to correct the mistake.

Plaintiff spoke with Defendant Edens and informed him that he was requesting placement in the PC Unit. Plaintiff asked to speak with Internal Affairs, if Edens did not have authority to stop the move to general population. Edens went to speak to Defendants Cox and Doolin but then informed Plaintiff that they were busy and would not speak with Plaintiff about his PC status. Defendants Edens, Cox, and Doolin all had knowledge that Plaintiff had been placed in PC due to being labeled an informant after the stabbing of a security threat group ("STG") member.

Defendant Meyers escorted Plaintiff to general population, although Plaintiff continued to request PC placement and informed Meyers that he would face serious danger in general population.

At approximately 10:00 p.m. that day, Plaintiff was physically attacked by his general population cellmate, who accused Plaintiff of being a "snitch." Plaintiff was escorted to an outside hospital for trauma to his head, face, neck, and chest, including a fracture around his eyes and a broken nose.

Upon release from the hospital on or about January 30, 2022, Plaintiff was placed back into general population by Defendant Warden Burle.

## III. ANALYSIS

Based upon the Court's review, the facts alleged in the Complaint are sufficient to state an Eighth Amendment claim for failure to protect against all Defendants.

> [F]ailure to provide protection constitutes an Eighth Amendment violation only if deliberate indifference by prison officials to a prisoner's welfare "effectively condones the attack by allowing it to happen." . . . [This means that the plaintiff] had to allege facts sufficient to show "that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it."

*Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010), *quoting Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997).

Plaintiff has adequately alleged that each of the Defendants had actual knowledge of an impending harm, due to Plaintiff's status as an alleged informant targeted by STG members, and that harm was easily preventable by continuing to house Plaintiff in the PC Unit, as previously requested and approved.  Defendants' alleged failure to do so is sufficient to state a failure to protect claim.

**IT IS THEREFORE ORDERED:**

**1)    According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment claim of failure to protect against Defendants Edens, Burle,**

**Doolin, Meyers, and Cox. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **Plaintiff's Motion for Merit Review [14] is MOOT.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendants by mailing waivers of service. Defendants have sixty days from service to file their Answers. If a Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

5) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

6) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a**

Defendant's positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defendants' counsel have filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

10) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

**11)** **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**12)** **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED April 16, 2025.


s/ *Sue E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE